# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| **MIGUEL RUALES,** | : | Civil Action No. 18-9192 (KM) (MAH) |
| Plaintiff, | : | |
| v. | : | OPINION |
| **SPENCER SAVINGS BANK,** | : | |
| Defendant. | : | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of *pro se* Plaintiff Miguel Ruales's ("Plaintiff") renewed motion for leave to file a Second Amended Complaint. Renewed Prop. Second Am. Compl., Apr. 17, 2019, D.E. 28. Defendant opposes the motion. Opp'n Brief to Renewed Sec. Am. Compl., May 1, 2019, D.E. 29. The Court has reviewed Plaintiff's motion and applicable law. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court has considered this matter without oral argument. For the reasons set forth below, the Court grants Plaintiff's motion to amend.

## I.  BACKGROUND

Plaintiff, a resident of Elizabeth, New Jersey, claims that by letter dated August 9, 2017, Defendant, a state-chartered mutual savings and loan association of the State of New Jersey, notified him that it would be closing his account effective September 9, 2017. Renewed Prop. Second Am. Compl., Apr. 17, 2019, D.E. 28, at 2. Plaintiff contends that Defendant did not provide Plaintiff with a reason for closing his account. *Id*. Plaintiff claims that as a result of the account's closure he incurred financial consequences, *i.e.*, his credit rating was negatively

impacted, checks written on the account bounced, and his future ability to obtain credit was jeopardized. *Id*.

On May 14, 2018, Plaintiff brought this action *pro se* against Defendant for negligence, claiming that Defendant had a duty to Plaintiff as its customer and that Defendant breached that duty by closing Plaintiff's account abruptly, without notice, and without explanation to Plaintiff. Compl., May 14, 2018, D.E. 1, at ¶¶ 23-39. On June 11, 2018, Defendant filed a motion to dismiss the Complaint, arguing that no duty existed on the part of Defendant to explain why it was closing Plaintiff's account and that the Court did not have subject matter jurisdiction over the case because Plaintiff did not state a claim under federal law. Mot. to Dismiss, Jun. 11, 2018, D.E. 5, at 4.

The following day, Plaintiff filed an Amended Complaint. First Am. Compl., Jun. 12, 2018, D.E. 7. The First Amended Complaint reiterated Plaintiff's negligence claim. *Id.* at ¶¶ 25-41. The First Amended Complaint also added a claim under 42 U.S.C. § 1983, which alleged that Defendant's conduct discriminated against Plaintiff based on his Hispanic heritage and thereby violated his civil rights. *Id.* at 5-7, ¶¶ 42-51.

On August 9, 2018, Defendant moved to dismiss the First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss First Am. Compl., Aug. 9, 2018, D.E. 10. The Court granted Defendant's motion to dismiss the Amended Complaint in its entirety and provided Plaintiff thirty days to move to amend. Order, Jan. 9, 2019, D.E. 21.

On January 24, 2019, Plaintiff filed a motion for leave to file a Second Amended Complaint. Prop. Second Am. Compl., Jan. 24, 2019, D.E. 22. Defendant opposed the motion. Opp'n Brief to Sec. Am. Compl., Jan. 30, 2019, D.E. 23. This Court denied Plaintiff's motion

for leave to file a Second Amended Complaint on the basis of Local Civil Rules 7.1(f) and 15(a)(2),[1] ordering Plaintiff to file a renewed motion with a red-lined version of the proposed amended pleading no later than April 12, 2019. Am. Order, Mar. 18, 2019, D.E. 26.

On April 17, 2019, Plaintiff filed the instant renewed motion for leave to file a Second Amended Complaint, containing red-lined edits per Local Civil Rules 7.1(f) and 15(a)(2). Renewed Prop. Second Am. Compl., Apr. 17, 2019, D.E. 28. Plaintiff seeks to amend his Complaint to: (1) add additional facts in support of his negligence claim; (2) add counts for breach of fiduciary duty and for breach of the covenant of good faith and fair dealing; and (3) replace his § 1983 claim with a claim under 42 U.S.C. § 1981 claim. *Id.* at 4-7.

Defendant opposes the motion. Opp'n Br., May 1, 2019, D.E. 29. Defendant asserts that this Court must deny Plaintiff's motion to amend for two reasons: (1) Plaintiff filed it in an untimely manner; and (2) the Proposed Second Amended Complaint fails to state a claim for discrimination under § 1981. *Id.* at 5-12. Defendant further contends that if the Court denies the motion to amend, only state law claims will remain, and the Court should dismiss the action for lack of subject matter jurisdiction.[2] *Id.*

---

[1] Local Civil Rules 7.1(f) and 15(a)(2) require a party who files "a motion for leave to file an amended complaint … to attach to the motion a copy of the proposed pleading" and that the proposed amended pleading "shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added," respectively. Plaintiff did not include the appropriate, red-lined version of the pleading when he filed his motion for leave to file a Second Amended Complaint.

[2] Apart from generally arguing that Plaintiff was dilatory in filing the motion to amend, Defendant does not object to Plaintiff's request to add facts to support his negligence claim. Nor does Defendant challenge the sufficiency of the proposed claims for breach of fiduciary duty or breach of the covenant of good faith and fair dealing.

## II. DISCUSSION

The first issue for the Court is whether Federal Rule of Civil Procedure 15 or 16 governs Plaintiff's motion to amend. *Karlo v. Pittsburgh Glass Works, LLC*, Civ. No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." *Karlo*, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)).

There is a recognized tension between Rule 15 and Rule 16 that has not been directly resolved by the United States Court of Appeals for the Third Circuit. *See Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d. Cir. 2010); *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010). However, courts "within the Third Circuit have consistently reached the same conclusion: a party seeking to amend the pleadings *after the deadline set by the Court* must satisfy the requirements of Rule 16(b)(4)—i.e., they must show 'good cause.'" *Karlo*, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)) (emphasis added).

Here, Plaintiff filed his pleading after the deadline set by this Court, and, therefore, the Court must consider Rule 16. The operative Order instructed that any motion to amend the pleadings be filed by April 12, 2019. Am. Order, Mar. 18, 2019, D.E. 26. Plaintiff filed the instant motion on April 17, 2019. Renewed Prop. Second Am. Compl., Apr. 17, 2019, D.E. 28. Because Plaintiff filed the present motion three business days after the April 12, 2019, filing deadline, the Court must first determine whether, under Rule 16, good cause exists to adjust the deadline to permit Plaintiff to file his motion. If there is good cause to amend, the Court will

4

then turn to Rule 15 to determine whether to permit Plaintiff to file his amended pleading as justice so requires. *Home Semiconductor Corp. v. Samsung Electronics Co., Ltd.*, Civ. No. 13-2033, 2019 WL 2135858, at *2 (D. Del. 2019) (stating, "only after having found the requisite showing of good cause will the court consider whether the proposed amendment pleading meets the 15(a) standard.").

### A. Rule 16(b)(4)

Rule 16 of the Federal Rules of Civil Procedure authorizes courts to enter schedules of proceedings. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment)); *see also Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990) (stating the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note (1983 Amendment); *see also Harrison*, 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."). Under Rule 16, "[a] schedule may be modified only for good cause

and with the judge's consent." *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000).

The burden is on the moving party to show "good cause" for its failure to comply with the applicable scheduling order, and, accordingly, for the Court to allow its proposed amended pleading. *Prince v. Aiellos*, Civ. No. 09–5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010)); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence"). Whether "good cause" exists under Rule 16 hinges to a large extent on the diligence of the moving party. *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, Civ. No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent–A–Ctr. v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). Put succinctly, "[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 702 (E.D. Pa. 2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, Civ. No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *Kennedy v. City of Newark*, Civ. No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for

finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. *See Dimensional Communs., Inc. v. OZ Optics, Ltd.*, 148 Fed. App'x. 82, 85 (3d Cir. 2005) (upholding trial court's finding that the movant could not show "good cause" because they were in possession of the facts underlying the proposed counterclaim well before the deadline for amendment).

As mentioned above, the March 14, 2019 Order, D.E. 25, set Friday, April 12, 2019, as the deadline for Plaintiff to file a motion for leave to file an amended complaint. Plaintiff filed the instant motion with the Court on Wednesday, April 17, 2019—three business days after the deadline. *See* Order, Mar. 14, 2019, D.E. 26. at 2. Defendant argues that the time to move to amend expired on April 12, 2019, and Plaintiff's motion should therefore be denied as untimely. Opp'n Br., May 1, 2019, D.E. 29, at 4. Plaintiff did not acknowledge missing the filing date set out in the Order in his motion to amend or provide a reason for doing so, but he does contend that the instant motion does not result in "undue delay" for either party. Renewed Prop. Second Am. Compl., Apr. 17, 2019, D.E. 28, at 2.

Much of the caselaw addressing the conflict between Rule 15 and Rule 16 standards has applied Rule 16 standards where parties file months—rather than days—beyond the dates set out by the applicable scheduling orders. *See e.g., Dimensional Communs., Inc.*, 148 Fed. Appx. at 85 (applying Rule 16 standard where motion to amend complaint was filed more than five months after the deadline set by the court); *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (applying Rule 16 where motion to amend complaint was filed

7

more than six months after the deadline set by the court). Further, courts have considered the length of delay in determining how strictly they should apply the Rule 16 "good cause" standard. *See Morrison v. AccuWeather, Inc.*, Civ. No. 4:14-cv-0209, 2015 WL 9315505, at *3 (M.D.Pa. 2015) (distinguishing AccuWeather's amended answer from prior caselaw by noting that parties in similar cases "sought leave to amend their answers *months* after the court had set case management deadlines") (emphasis added).

Although not mentioning diligence specifically, Plaintiff correctly maintains that the instant motion does not cause undue delay for either party. Renewed Prop. Second Am. Compl., Apr. 17, 2019, D.E. 28, at 2. The Court also recognizes that Plaintiff is acting *pro se* and he missed the filing deadline by only three business days.[3] Further, a review of the record indicates that Plaintiff has actively litigated this matter, and does not indicate a pattern of undue delay or dilatoriness. Accordingly, the Court finds that Plaintiff has shown the requisite "good cause" to amend under Rule 16. A three-day delay does not "far surpass" what can be reasonably expected of a *pro se* Plaintiff. *See, e.g., Eastern Minerals*, 225 F.3d at 340; *Dimensional Communications*, 148 Fed. Appx. at 85.

---

[3] *Pro se* complaints are traditionally held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 596 (1972); *see also Haim v. Neeman*, Civ. No. 12-0351, 2014 WL 12617792, at *2 (D.N.J. 2014). Further, "*pro se* complaints must be construed liberally." *Granger v. American E-Title Corp.*, Civ. No. 10-4627, 2013 WL 1845338, at *13 (D.N.J. 2013). Although *pro se* litigants are not allowed to "disregard court orders and perpetually delay trial proceedings," courts may grant exceptions when violations may be reasonably excused. *Huertas v. U.S. Dep't of Educ.*, Civ. No. 08-3959, 2010 WL 2771767, at *5 (D.N.J. 2010); *contra Naughton v. Harmelech*, Civ. No. 09-5450, 2015 WL 12835620, at *4 (denying a *pro se* plaintiff's motion due to delay because the more than three-year delay "far surpasse[d] what may be reasonably excused from a *pro se* litigant").

**B. Rule 15**

Having determined that Plaintiff has demonstrated good cause to amend under Rule 16, the Court must now address whether Plaintiff has satisfied Rule 15. *Home Semiconductor,* Civ. No. 13-2033, 2019 WL 2135858, at *2. Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may amend his or her complaint once as of right, and "courts may grant subsequent amendments 'when justice so requires.'" *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (quoting Fed. R. Civ. P. 15(a)). Further, "leave to amend should be freely given when justice so requires, including for a curative amendment unless such an amendment would be inequitable or futile." *Free Speech Coalition, Inc. v. Att'y Gen. of U.S.*, 677 F.3d 519, 545 (3d Cir. 2012). The Court may deny leave to amend the pleadings only when there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Defendant argues that Plaintiff's proposed § 1981 claim cannot withstand scrutiny because "Ruales has not pled a single fact to support his allegation that his account was closed because he is Hispanic other than that he is Hispanic."[4] Opp'n Br., May 1, 2019, D.E. 29, at 6. Defendant then argues that because the § 1981 claim must be denied on futility grounds,

---

[4] To the extent that Defendant's untimeliness argument addressed by the Court under Rule 16 can be construed as a claim of undue delay under Rule 15, the Court does not find undue delay under Rule 15 here. Courts in the Third Circuit have held that "[w]hile delay alone is insufficient to justify denying leave to amend, 'at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party.'" *Evans v. City of Philadelphia*, Civ. No. 18-1947, 2019 WL 581555, at *1 (3d Cir. 2019) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). In this matter, the Court does not find that the three-day delay places an unwarranted burden on Defendant such that it causes undue delay. Further, Plaintiff contends, and the Court agrees, that Defendant would not be prejudiced by permitting the amendment of Plaintiff's Complaint. Renewed Prop. Second Am. Compl., Apr. 17, 2019, D.E. 28, at 2.

Plaintiff's remaining claims sound entirely in state law, and therefore this Court should dismiss the action for lack of subject matter jurisdiction. *Id.* at 9-10.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required under this standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face[.]" *Id.* at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The tenet that a court must accept a complaint's allegations as true does not apply to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id.* at 555. Furthermore, determining whether a complaint states a plausible claim is context-specific, requiring courts to draw on experience and common sense in reaching their decisions. *Id.* at 556.

Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory" to engage in certain enumerated activities. 42 U.S.C. § 1981(a). Subsection (b) of the law defines the phrase "make and enforce contracts" as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The United States Supreme Court has observed that "[a]ny claim brought under § 1981 . . . must initially identify an impaired contractual relationship under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006); *see also L. L. v. Evesham Township Board of Educ.*, 710 Fed. Appx. 545, 550 (3d Cir. 2017). After identifying an impaired contractual relationship, a plaintiff must then provide facts in support of the following elements: "(1) [that a plaintiff] is a

10

member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts . . . ." *Brown v. Philip Morris Inc.*, 250 F. 3d 789, 797 (3d Cir. 2001) (citing *Yelverton v. Lehman*, Civ. Act. No. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. 1996)). For a § 1981 claim to survive a motion to dismiss, the Third Circuit has held a plaintiff need not present a *prima facie* case of discrimination; rather, they must simply "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009).[5]

Aaccepting as true the allegations of the proposed pleading as this Court must under Rule 15, the Court is satisfied that the proposed pleading adequately sets forth the elements of a claim under § 1981. Plaintiff claims that he is a member of a racial minority, in that he claims to be "of Hispanic heritage." Renewed Prop. Second Am. Compl., Apr. 17, 2019, D.E. 28, at 13, ¶ 16. Second, Plaintiff claims "that his race . . . [is] the sole reason[] why SSB [Defendant] closed his account." *Id.* at 14, ¶ 20. Finally, Plaintiff adequately alleges the existence of a contractual relationship by pleading that he "had a noncommercial bank account with SSB [Defendant] and developed a solid banking relationship" with them. *Id.* at 13, ¶ 19.

---

[5] Although the Third Circuit has not explicitly defined modified pleading standards for § 1981 discrimination claims, the Second Circuit has. In the Second Circuit, courts have held that the pleading standard for a § 1981 discrimination complaint is somewhat particular: "The facts required by *Iqbal* to be alleged in the [§ 1981] complaint . . . need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 309 (2d Cir. 2015); *see also Doe v. Columbia University*, 831 F.3d 46, 54 (2d Cir. 2016) (discussing the reduced pleading standard for § 1981 discrimination claims). Further, the Second Circuit has held that if a plaintiff is able to make a minimum showing of the above three factors, it raises "a temporary presumption of discriminatory motivation, which shifts the burden of production" to the allegedly discriminatory party. *Nwachukwu v. Liberty Bank*, 257 F. Supp.3d 280, 289 (D. Conn. 2017).

11

Defendant's principal opposition is that the § 1981 claim is threadbare because it provides nothing specific concerning Plaintiff's allegation that Spencer Savings Bank closed the accounts due to Plaintiff's Hispanic heritage.[6] But the proposed amended pleading alleges that "certain of SSB's employees have informed plaintiff that his account was closed *solely* on [the basis of] his Hispanic heritage." *Id.* at 3, ¶ 7 (emphasis in original). The proposed amended complaint also alleges that

> Additionally, [P]laintiff's contact at SSB informed him that Caucasian customers of [D]efendant are treated vastly differently than plaintiff and those of Hispanic heritage. In fact, and as further discovery in this matter will undoubtedly reveal, plaintiff's account closing is but one of hundreds of Hispanic customers' accounts being closed for the very same faulty, illegal and immoral reasons, when compared to no accounts being closed against those customers of Caucasian descent.

*Id.* at 3, ¶ 8.

Defendant argues that the foregoing allegations are "specious" and not sufficiently specific because they do not name the specific individuals. Opp'n Br., May 1, 2019, D.E. 29, at 7. But that argument elevates the standard for a pleading beyond what Rule 8 requires. "[D]etailed factual allegations" are not required to state a claim, *Twombly*, 550 U.S. at 555, and Defendant will have a full and fair opportunity in discovery to require Plaintiff to provide specific information, and motion practice and trial will test the adequacy of Plaintiff's proofs. For this Rule 15 analysis, however, Plaintiff's allegations satisfy the requirement that a § 1981 claim plead an adequate basis to demonstrate "'a racially motivated breach' of th[e] contractual relationship." *Mekuria v. Bank of America,* 883 F. Supp.2d 10, 14 (D.D.C. 2011) (quoting

---

[6] Defendant does not deny that Plaintiff opened an account with their bank, thus creating a contractual relationship under section 1981. Opp'n Br., May 1, 2019, D.E. 29, at 4. Defendant also does not contest that Plaintiff, as an individual of Hispanic descent, is a racial minority. *Id.* at 7.

*Domino's Pizza Inc. v. McDonald,* 546 U.S. 470, 476 (2006)).  Moreover, the allegations are sufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Defendant's reliance on *Mekuria* is misplaced.  Opp'n Br., May 1, 2019, D.E. 29, at 5-9 (citing *Mekuria v. Bank of America*, 883 F.Supp.2d 10 (D.D.C. 2011)).  In *Mekuria*, "Plaintiff, Bisrat Mekuria, a black male of Ethiopian descent, was a long-time customer of Defendant Bank of America."  Mekuria, 883 F. Supp.2d at 11.  Plaintiff alleged that the bank closed his business accounts without explanation, and he filed suit alleging, inter alia, racial discrimination in violation of § 1981 and the District of Columbia Human Rights Act.  *Id.* at 10-12.  The district court found that Mekuria failed to state a § 1981 discrimination claim because he did not allege "a single fact to suggest that the Bank or any of its employees discriminated against him based on his race."  *Id.* at 15.

Defendant claims that, as in *Mekuria*, Plaintiff's complaint "rest[s] solely on the conclusion that since [P]laintiff was a member of a protected class, the action . . . must have been discriminatory."  *Id.* at 8.  Defendant claims that Plaintiff is simply stating legal conclusions and that "[n]o allegations were made that he was treated in a hostile or inappropriate manner . . . [and] no allegations were made that white customers were treated any differently."  *Id.*  But unlike *Mekuria*, Plaintiff also alleges "that [the discrimination] is not an isolated incident, and that certain of [Defendant's] employees have informed [P]laintiff that his account was closed *solely* on [the basis of] his Hispanic heritage."  Renewed Prop. Second Am. Compl., Apr. 17, 2019, D.E. 28, Exh. B., at ¶ 7 (emphasis in original).[7]

---

[7] Moreover, Plaintiff in this matter is acting *pro se*, whereas Mekuria was represented by counsel.  *See Mekuria*, 883 F. Supp.2d 10 at 8.  As such, while Plaintiff must satisfy Rule 8 as well as *Twombly* and *Iqbal,* Plaintiff is held to a more liberal pleading standard.  *Haines*, 404

The present case is comparable to *Nwachukwu v. Liberty Bank*, 257 F. Supp.3d 280 (D. Conn. 2017). In that case, the plaintiff was a Nigerian customer who brought a § 1981 action against Liberty Bank. The plaintiff alleged that Liberty Bank inquired about his national origin, and then closed his bank accounts. *Id.* at 292. In contrast to *Mekuria*, where no additional facts or claims were stated in relation to the discriminatory motives of the bank, the plaintiff in *Nwachukwu* alleged that the bank's First Vice President stated on a telephone call with Nwachukwu that "we don't want money from your type." *Id.* at 305. In the present case, Plaintiff also has provided additional factual support regarding his account closure by claiming Defendant's employees have informed him that "his account was closed *solely* on [the basis of] his Hispanic heritage[,]" that one of those employees told Plaintiff that "Caucasian customers of [D]efendant, are treated vastly differently than [P]laintiff and those of Hispanic heritage[,]" and that this was not an isolated incident. Renewed Prop. Second Am. Compl., Apr. 17, 2019, D.E. 28, at 3, ¶¶ 7-8 (emphasis in original).

For the foregoing reasons, the Court concludes that Plaintiff has shown good cause under Rule 16 for filing his motion to amend three days beyond the deadline and that Plaintiff's proposed § 1981 claim withstands scrutiny under Rule 15. Furthermore, Defendant has not otherwise challenged the additional factual allegations and claims Plaintiff seeks to add. Therefore, the Court will grant Plaintiff's motion to amend.

---

U.S. 519 at 596 (*pro se* complaints are traditionally held to "less stringent standards than formal pleadings drafted by lawyers"); *Granger*, Civ. No. 10-4627, 2013 WL 1845338, at *13 ("*pro se* complaints must be construed liberally").

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for leave to file a Second Amended Complaint. The Court will issue an Order consistent with this Opinion.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Dated: July 26, 2019