UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

December 3, 2020

To:  Miguel Ruales
     444 Chestnut Street
     Roselle, NJ 07203

All counsel of record

## LETTER OPINION AND ORDER

RE:  **Ruales v. Spencer Savings Bank**
     **Civil Action No. 18-9192 (KM)(MAH)**

Dear Litigants:

Presently before the Court is Plaintiff 's pro se motion for pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 65]. For the reasons set forth below, Plaintiff's motion is denied.

## Background

Plaintiff, a resident of Elizabeth, New Jersey, claims that by letter dated August 9, 2017, Defendant, a state-chartered mutual savings and loan association of the State of New Jersey, notified him that it would be closing his account effective September 9, 2017. Second Am. Compl., Oct. 25, 2019, D.E. 37, at 2. Plaintiff contends that Defendant did not provide Plaintiff with a reason for closing his account. *Id.* Plaintiff claims that as a result of the account's closure he incurred financial consequences, *i.e.*, his credit rating was negatively impacted, checks written on the account bounced, and his future ability to obtain credit was jeopardized. *Id.*

On May 14, 2018, Plaintiff brought this action *pro se* against Defendant for negligence, claiming that Defendant had a duty to Plaintiff as its customer and that Defendant breached that duty by closing Plaintiff's account abruptly, without notice, and without explanation to Plaintiff. Compl., May 14, 2018, D.E. 1, at ¶¶ 23-39. On June 11, 2018, Defendant filed a motion to dismiss the Complaint, arguing that no duty existed on the part of Defendant to explain why it was closing Plaintiff's account and that the Court did not have subject matter jurisdiction over the case because Plaintiff did not state a claim under federal law. Mot. to Dismiss, Jun. 11, 2018, D.E. 5, at 4.

The following day, Plaintiff filed an Amended Complaint.  First Am. Compl., Jun. 12, 2018, D.E. 7.  The First Amended Complaint reiterated Plaintiff's negligence claim.  *Id.* at ¶¶ 25-41.  The First Amended Complaint also added a claim under 42 U.S.C. § 1983, which alleged that Defendant's conduct discriminated against Plaintiff based on his Hispanic heritage and thereby violated his civil rights.  *Id.* at 5-7, ¶¶ 42-51.

On August 9, 2018, Defendant moved to dismiss the First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Mot. to Dismiss First Am. Compl., Aug. 9, 2018, D.E. 10.  The Court granted Defendant's motion to dismiss the Amended Complaint in its entirety and provided Plaintiff thirty days to move to amend.  Order, Jan. 9, 2019, D.E. 21.

On January 24, 2019, Plaintiff filed a motion for leave to file a Second Amended Complaint.  Mot. for Leave to File Sec. Am. Compl., Jan. 24, 2019, D.E. 22.  Defendant opposed the motion.  Opp'n Brief to Sec. Am. Compl., Jan. 30, 2019, D.E. 23.  This Court denied Plaintiff's motion for leave to file a Second Amended Complaint on the basis of Local Civil Rules 7.1(f) and 15(a)(2), and ordering Plaintiff to file a renewed motion with a red-lined version of the proposed amended pleading no later than April 12, 2019.  Am. Order, Mar. 18, 2019, D.E. 26.

On April 17, 2019, Plaintiff filed the renewed motion for leave to file a Second Amended Complaint, containing red-lined edits per Local Civil Rules 7.1(f) and 15(a)(2).  Renewed Mot. for Leave to File Sec. Am. Compl., Apr. 17, 2019, D.E. 28.  Plaintiff sought leave to amend his Complaint to: (1) add additional facts in support of his negligence claim; (2) add counts for breach of fiduciary duty and for breach of the covenant of good faith and fair dealing; and (3) replace his § 1983 claim with a claim under 42 U.S.C. § 1981 claim.  *Id.* at 4-7.  This Court granted Plaintiff's motion on July 26, 2019, and Plaintiff filed his Second Amended Complaint on October 25, 2019.  Sec. Am. Compl., D.E. 37.

On October 29, 2020, Plaintiff moved for the appointment of pro bono counsel, arguing that "I am facing a deposition without counsel, as well as entering into the final discovery phase, including Summary Judgment anticipated motions, pretrial, and trial within the present case, and require counsel."  Mot. to Appoint Pro Bono, D.E. 65.  For the reasons stated herein, the Court will deny Plaintiff's motion.

## Discussion

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e).  Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court.  Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, a court considers the framework established in Tabron. Montgomery, 294 F.3d at 498-99.  Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155).  If the applicant's claim has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5).  This list is not exhaustive but provides guideposts for the Court.  Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457).  A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F.3d at 157-58.  Also, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Montgomery, 294 294 F.3d at 499 (Parham, 126 F.3d at 458).

Here, with respect to the first Tabron prong, the Court assumes that Plaintiff's claim has merit for the purposes of this motion.  Nevertheless, consideration of the Tabron factors does not demonstrate that appointment of counsel is warranted at this time.

First, Plaintiff appears to be able to present his case.  When considering ability to present a case, courts generally consider a Plaintiff's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  Based upon the present record, Plaintiff has demonstrated a basic understanding of the legal foundation for his allegations. Moreover, Plaintiff has demonstrated that he is an eager and involved litigator, having filed several motions to amend his pleadings, one of which he filed sua sponte in response to Defendant's motion to dismiss, a rather nuanced skill for a pro se litigator.  D.E. 7.  In a similarly skilled fashion, Plaintiff has filed both motions to compel discovery and to quash depositions.  D.E. 15, 57, 61. Accordingly, the Court finds that Plaintiff appears more than able to present his case.

Second, Plaintiff's claim does not involve complex legal issues.  Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502.  Courts also consider "the proof going towards the ultimate issue and the discovery issues involved."  Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised Plaintiff's case).  Here, appointment of counsel is not warranted because the factual and legal issues involved in the case are not complicated.  Plaintiff provides no explanation in his pro bono motion as to why his claims contain complex legal issues.

3

Therefore, the second <u>Tabron</u> factor weighs against the Plaintiff because it does not appear that his claims present complex legal issues.

Third, there is no indication that Plaintiff lacks the ability to continue to conduct a factual investigation without the assistance of counsel. Nothing suggests that the conclusion of discovery in this case would be complicated or unduly burdensome. The claims appear to involve a relatively discreet set of facts, many of which Plaintiff presumably has personal knowledge, or at a minimum, is equipped to continue to investigate. Given that Plaintiff has already proven himself to be a skilled pro se litigator, it does not appear that his deposition or any small remaining discovery tasks would impose any unreasonable burden on Plaintiff. Thus, the third <u>Tabron</u> factor weighs against the appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the United States Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." <u>Parham</u>, 126 F.3d at 460. The extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor of nor against appointing counsel.

Fifth, there is no indication that any expert testimony will be required at trial. Plaintiff's allegations of Defendants' violations of his constitutional rights would be understandable to a lay person without the need for expert assistance. <u>See</u>, <u>e.g.</u>, <u>Montgomery</u>, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person."). Thus, the fifth <u>Tabron</u> factor does not favor appointment.

Sixth, Plaintiff's inability to obtain counsel alone is an insufficient reason to appoint counsel. Pursuant to 28 U.S.C. 1915(e)(1), a District Court may not appoint pro bono counsel to a person who has not yet submitted such an application. It does not appear that Plaintiff has filed an in forma pauperis application. The failure to do so weighs against appointment of counsel at this time.

This record does not meet most of the <u>Tabron</u> factors, and, therefore, the Court finds that appointment of pro bono counsel is inappropriate at this time. <u>Cf.</u> <u>Parham</u>, 126 F.3d at 461 (finding appointment appropriate where most factors are met). For all the reasons set forth above, the Court denies Plaintiff's motion for the appointment of pro bono counsel without prejudice.

## Conclusion

A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time. Therefore, Plaintiff's motion of the appointment of pro bono counsel [D.E. 65] is denied without prejudice.

So Ordered,

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**