UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**MIGUEL RUALES,**

       **Plaintiff,**

v.

**SPENCER SAVINGS BANK,**

       **Defendant.**

Civ. No. 18-9192 (KM) (MAH)

**OPINION & ORDER**

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the Court on the motion (DE 95) of *pro se* plaintiff Miguel Ruales for summary judgment and the cross-motion (DE 99) of defendant Spencer Savings Bank ("Spencer") for summary judgment. Preliminarily, however, the Court must deal with certain applications that may affect the scope of the record on which the Court's summary judgment decision will be made.

**I.    MISCELLANEOUS APPLICATIONS**

    **A. Statement of Material Facts**

Plaintiff did not file with his motion the statement of material facts required by Local Rule 56.1. Spencer argues that Ruales's summary judgment motion should be denied on that basis. Ruales, in his Reply, requests an opportunity to submit such a statement. (Pl. Reply at 4) The Court will excuse this pro se litigants' nonconformity with the Local Rules. Both applications will therefore be denied.

    The Third Circuit has "traditionally given pro se litigants greater leeway where they have not followed the technical rules of pleading and procedure." *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (citations omitted). Although Ruales has not always presented the facts in a manner dictated by the procedural rules, he has adequately directed the Court to the relevant

portions of the record. For Ruales's version of the facts, I will give a liberal interpretation to the statements in his brief, as well as the portion of the second amended complaint labeled "statement of undisputed facts." The factual record is not voluminous, and the relevant portions have been cited by the parties. I therefore see no additional benefit to requiring Ruales to place his contentions in the form required by the Local Rule.

### B. Rey and Danchak Certifications

In his Reply (DE 100), Ruales requests

1. that the Certification of Jane E. Rey (DE 99-3, "Rey Certification") be struck because it is "meritless"; and
2. that the Certification of Alison Danchak (DE 99-2, "Danchak Certification") be struck as an unauthorized expert report, that sanctions be imposed, and that he be afforded the opportunity for additional written discovery regarding its contents.

These requests for affirmative relief should have been presented as motions, not asserted in a reply brief. In light of the plaintiff's pro se status, however, they will be treated as motions.

### 1. Rey Certification

Ruales asserts that the Rey Certification should be struck because it is "meritless."[1] In particular, he objects to statements in the certification that Ms.

---

[1] Motions to strike are commonly, though not always, directed to allegations in a pleading such as a complaint. *See* Fed. R. Civ. P. 12(f). Such allegations are usually simply admitted or denied in a responsive pleading. Some allegations, however, by their presence, may work some independent injury or inconvenience, and therefore may be struck "to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (internal quotation marks omitted). However, "[b]ecause of the drastic nature of the remedy," motions to strike "will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Id.* (quoting *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)); *see also Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 702 (D.N.J. 2013) (explaining that motions to strike are extremely disfavored).

Rey and the bank, for reasons of ethnic heritage and connections, would not have engaged in discrimination against a Hispanic person. (The reference is to Rey Cert. ¶ 16.)

Assuming for purposes of argument that a person has not discriminated, it is perhaps natural that they would respond with indignation. Nevertheless, I agree that a person's heritage, if not completely irrelevant, does not insulate that person against allegations of discrimination, particularly at the summary judgment stage. *Cf. Castaneda v. Partida*, 430 U.S. 482, 500, 97 S. Ct. 1272, 1283 (1977) ("Because of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group.") But even assuming that such statements are unpersuasive or irrelevant, the proper response is ordinarily to say so, or to rebut them. That Mr. Ruales has done. He has set forth the reasons that he finds the Rey Certification, and particularly paragraph 16, unpersuasive. Whether or not paragraph 16 is relevant to summary judgment, its presence works no independent harm, and there is no need to strike it from the record of the case.

Still less is there any justification to strike the entire certification based on statements in a single paragraph. The remainder of the Rey Certification, *i.e.,* paragraphs 1–15, states facts of relevance to the case.

The request to strike the Rey Certification is therefore denied.

### 2. Danchak Certification

The Danchak Certification contains, *inter alia,* statements that Spencer uses a computer algorithm to flag accounts that are of concern. These are presented as facts regarding the procedures in place at the bank, proffered by the Senior VP of Compliance, a witness with knowledge. In his Reply, however, Ruales contends that the Danchak Certification is in substance an expert report that was not previously disclosed. He moves to strike the certification, for additional written discovery regarding the matters asserted therein, pursuant to Fed. R. Civ. P. 56(d), and for sanctions.

These applications implicate the Magistrate Judge's prior rulings, and would best be heard by the judicial officer who has ably managed pretrial proceedings thus far. The Magistrate Judge may also consider more generally whether, in light of the plaintiff's *pro se* status and irrespective of the "expert report" issue, further written discovery should be granted to ensure that the plaintiff has had a procedural opportunity to develop the factual record.

Should the Magistrate Judge deny relief, I will rule on the summary judgment motions in their current form, giving the Danchak Certification such consideration as it may merit. In the alternative, should there be any supplementation of the record, the Magistrate Judge is authorized to schedule supplemental submissions, not to exceed five pages, on the pending summary judgment motions.

## ORDER

For the foregoing reasons,

IT IS this 18th day of October, 2021,

ORDERED as follows:

1. The application to strike the Certification of Jane E. Rey is DENIED.
2. The application to strike the Danchak Certification, reopen written discovery in relation to that Certification and for sanctions is REFERRED to the Magistrate Judge for decision.

/s/ Kevin McNulty

_____

Kevin McNulty
United States District Judge