## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**MIGUEL RUALES,**

        **Plaintiff,**

**v.**

**SPENCER SAVINGS BANK,**

        **Defendant.**

Civ. No. 18-9192 (KM) (MAH)

**OPINION & ORDER**

**KEVIN MCNULTY, U.S.D.J.:**

    Miguel Ruales maintained a checking account with Spencer Savings Bank ("Spencer") for approximately six years. In August 2017 Ruales's account was closed by Spencer. Spencer submitted evidence that it closed the account because what purported to be a personal checking account was being used as a business account for Ruales's construction business. Ruales seemingly confirms that the account was used in the business, but claims that the account closure was motivated by national origin discrimination. He did not lose any money (he withdrew all funds from the account at or about the time it was closed), but claims consequential damages for, *e.g.,* loss of reputation. By Opinion ("Op.", DE 115) and Order (DE 116) filed June 1, 2022, the Court granted Spencer's motion for summary judgment. Mr. Ruales then filed a motion (DE 117) for reconsideration of that ruling. For the reasons stated herein, that motion for reconsideration is denied.

### I.    Legal standard

    "Reconsideration is an 'extraordinary remedy,' to be granted 'sparingly.'" *United States v. Coburn*, No. 19-00120, 2022 WL 874458, at *2 (D.N.J. Mar. 23, 2022), quoting *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). "Generally, reconsideration is granted in three scenarios: (1) 'an intervening change in the controlling law;' (2) 'the availability

of new evidence that was not available' at the time of the court's decision; and (3) 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Coburn*, supra, quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The moving party bears the burden of demonstrating that one of these scenarios applies. *See Coburn*, supra.

In this district, motions for reconsideration are governed by Local Civil Rule 7.1(i). That rule provides that a party may move for reconsideration within 14 days of an entry of order or judgment on the original motion. *See* L. Civ. R. 7.1(i). It also requires that a party file a brief with their motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." *See id.*

"The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001), citing Allyn Z. Lite, *New Jersey Federal Practice Rules* 30 (2001). "A motion that merely raises a disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process." *Church & Dwight Co. v. Abbott Lab'ys*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008). Put differently, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it has already thought through—rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990), quoting *Above the Belt v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983). In addition, a motion for reconsideration is not "an opportunity for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *See Red Roof Franchising v. AA Hospitality Northshore,* 937 F. Supp. 2d 537, 543 (D.N.J. 2013). The purpose of a motion for reconsideration is to allow counsel to draw the court's attention to issues that "may have been overlooked by the court, not those which were overlooked by counsel." *See Est. of Harrison v. Trump Plaza Hotel & Casino*, No. 12-6683, 2015 WL 3754996, at

*2 (D.N.J. June 16, 2015), quoting *Polizzi Meats, Inc. v. Aetna Life & Casualty Co.,* 931 F. Supp. 328, 339 (D.N.J. 1996).[1]

## II.   Discussion

For the most part, Mr. Ruales asks the Court to simply reconsider and reverse itself regarding matters already decided. I decline to do so, for the reasons stated in my prior Opinion, without further discussion.

I do, however, briefly discuss facts and arguments that Ruales presents as new, or newly discovered. Primarily, he predicts that "testimony" of certain witnesses, though unsupported by affidavits or depositions, would help his case.

Mr. Ruales argues primarily that he wishes to present testimony from a former Spencer employee, Katie Jordan, in order to establish that there was a "toxic" atmosphere of racial or ethnic prejudice at Spencer. He states that he was "attempting" to solicit Jordan's testimony, but that she was not "made available" until June 1, 2022; he says nothing, however, about whether he subpoenaed Jordan, or why she (a nonparty witness) was not available at any earlier time.[2] Even now, he merely states in his brief that he "anticipate[s]" favorable testimony from her, which he will attach to an affidavit at some later time. (DE 117 at 4)

---

[1]     While correctly citing these standards, Mr. Ruales also cites the liberal standard of Rule 15 and states that he wishes to amend his complaint. That standard does not apply after an adverse grant of summary judgment.

[2]     Discovery opportunities were not lacking. Discovery was ordered closed as of 11/30/2020 (DE 50), but discovery-related motion practice continued. Ruales filed a motion for summary judgment on June 1, 2021 (DE 95), and Spencer filed a cross-motion for summary judgment on July 6, 2021 (DE 99). Plaintiff then sought and was granted leave to propound certain additional discovery requests. (DE 102) The Court then terminated the pending summary judgment motions without prejudice to refiling after the further discovery was completed. (DE 104) Once discovery was completed, Spencer again filed the renewed motion for summary judgment (DE 112) that was granted by the Court's prior Opinion (DE 115).

More to the point, there is no indication that Jordan's testimony could possibly alter the Court's reasoning. Ruales states generally his brief that Jordan experienced a racist environment at Spencer, but does not submit anything specific (such as an affidavit from Jordan) establishing the facts to which she would testify. (DE 117 at 4) As related in my prior Opinion, a Spencer employee, Barbara Bronstein, referred to Jordan as being a "prejudiced manager," but clarified in her deposition that she meant Jordan treated people differently based on the amount of money in their accounts, not that Jordan discriminated on the basis of race or ethnicity. (Op. 8 n.5) Jordan, moreover, was terminated as a Spencer employee in 2007, four years before Ruales even opened his account, and a full ten years before Spencer closed the Ruales account. This, too, was noted in the prior Opinion. (Op. 8 n.5)

Ruales states in addition that he anticipates "bringing in Ms. Bornstein's testimony, as well as a computation of damages which undercuts Defendant's argument in its entirety." As noted in the prior Opinion, Ruales deposed Mr. Bornstein, and her deposition transcript was cited and discussed. Any "computation of damages" is irrelevant where, as here, liability has not been established.

## ORDER

Accordingly, IT IS this 4th day of January, 2023,

ORDERED that the plaintiff's motion for reconsideration (DE 117) is DENIED. The clerk shall close the file.

/s/ Kevin McNulty

_____

Kevin McNulty
United States District Judge